UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO.  8:19-cr-282-SDM-CPT
            8:21-cv-2987-SDM-NHA

JACNELY MOREJON
_____

### ORDER

Jacnely Morejon moves under 28 U.S.C. § 2255 to vacate her conviction for brandishing a firearm during a Hobbs Act robbery, for which she serves a sentence of 60 months. Morejon claims her guilty plea was involuntary, the United States breached the plea agreement, and her counsel rendered constitutionally ineffective assistance.

### BACKGROUND

Morejon and a co-defendant robbed the Ultra Jewelry store in Tampa, Florida.[1] Morejon's co-defendant brandished a firearm to two store employees, forcing them to the rear of the store. While her co-defendant held the employees at gunpoint, Morejon took the jewelry.

Count One of the indictment charges Morejon with taking jewelry from an employee of Ultra Jewelry against the employee's will by means of actual and

---

[1] This summary of facts derives from Morejon's plea agreement. (Crim. Doc. 59 at 20)

threated force, violence, and fear of injury, in violation of 18 U.S.C. §§ 1915(a) and (b) and 2. Count Two charges Morejon with brandishing a firearm during the robbery in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and (c)(2).

Under a plea agreement Morejon pleaded guilty to Count Two, and the United States agreed to dismiss Count One. The parties agreed that the United States would recommend to the district court that Morejon would receive a two-level downward adjustment for acceptance of responsibility, if no adverse information suggested such a recommendation is unwarranted. (Crim. Doc. 59 at 4)

Morejon faced a minimum mandatory sentence of 84 months and a maximum sentence of life imprisonment under § 924(c)(1)(A)(ii). Before sentencing the United States moved under U.S. Sentencing Guidelines § 5K1.1 for a two-level reduction in her offense level for her substantial assistance. Based on a criminal history category of I and a total offense level of 25, the United States suggested a guidelines range of 57 to 71 months imprisonment. (Crim. Doc. 96) The pre-sentence report calculates Morejon's guidelines sentence to equal 84 months, the minimum term of imprisonment required by statute. (Crim. Doc. 98 at ¶¶ 21, 67–68)

At sentencing the United States made no recommendation for a downward adjustment for acceptance of responsibility. The district court granted the United States' § 5K1.1 motion and sentenced Morejon to 60 months.

On direct appeal, Morejon received new counsel who filed a brief in accord with *Anders v. California*, 386 U.S. 738 (1967). After an "independent examination of the entire record reveal[ed] no arguable issues of merit," the circuit court affirmed Morejon's conviction and sentence.

## DISCUSSION

Morejon moves to vacate her conviction and sentence. In Ground One she claims she was induced to plead guilty by the United States' false promise to recommend a two-level downward adjustment. She argues the United States "knew or should have known that [its] promise could not be fulfilled because [she] pleaded guilty to a § 924(c) offense that has no base offense level from which to depart." (Civ. Doc. 10 at 4)

Morejon's claims are refuted by the plea agreement and her sworn statements at the plea hearing. Containing no promise of a specific sentence, the plea agreement states (Crim. Doc. 59 at 4):

> At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a). The defendant understands that this recommendation or request is not binding on this Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Morejon initialed each page and signed the plea agreement.

At the plea hearing, Morejon confirmed that she reviewed the plea agreement with counsel and understood its terms and that she was satisfied with counsel's

representation. She explicitly confirmed her understanding that she faced a minimum mandatory sentence of 84 months and maximum sentence of life imprisonment (Crim. Doc. 132 at 13–14):

> COURT: The penalties for the offense are set out in paragraph 2 of the plea agreement, and that indicates that this offense has a minimum sentence of seven years in prison. Do you understand that?
>
> MOREJON: Yes, Your Honor.
>
> COURT: If you remember, there could be a maximum sentence of life in prison. Do you understand that?
>
> MOREJON: Yes, Your Honor.
>
> . . .
>
> COURT: Do you have any questions about the penalties we've just discussed?
>
> MOREJON: No, Your Honor.

During the hearing, the magistrate judge reviewed the United States' conditional promise contained in the plea agreement to recommend a downward adjustment for acceptance of responsibility. Morejon confirmed her understanding that the United States' promise was conditioned on the absence of adverse information suggesting that such recommendation was not warranted (Crim. Doc. 132 at 18–19):

> COURT: Paragraph 9 concerns a downward adjustment for acceptance of responsibility, and you could get as much as a three-level downward adjustment for acceptance of responsibility, but in order for you even to be eligible for the third level

> > downward adjustment, the Government has to make a motion concerning the matter.
> >
> > What says the Government at this point concerning such a motion?
>
> USA: Your Honor, at this point we anticipate making the motion. We will make it absent finding any reason in the future that we should not.
>
> . . .
>
> COURT: So assuming there's no adverse information received, the Government will recommend that you receive a two level downward adjustment for acceptance of responsibility and will make the motion that makes you eligible for the third level downward adjustment.
>
> Now, even though the Government makes that recommendation in their motion, the Court could deny those requests, and if that should happen you would not have a right to withdraw your plea of guilty. Do you understand that?
>
> MOREJON: Yes, Your Honor.
>
> COURT: Do you have any question about that provision?
>
> MOREJON: No, Your Honor.

Later in the hearing, the United States identified a possible circumstance under which it would not recommend the downward adjustment for acceptance of responsibility.  The United States explained that, if Morejon challenged the amount of restitution or forfeiture and the United States believed her challenge was invalid, such circumstance would constitute adverse information that would suggest the downward adjustment was unwarranted.  Morejon confirmed her understanding that the United States' promise was conditional (Crim. Doc. 132 at 26–31):

> USA: I do wish to put one matter on the record. . . . It

- 5 -

>concerns the deletion [from] the factual basis [of the value of the stolen jewelry].
>
>The reason why we deleted that is to agree to allow them, the defense, extra time to investigate what they believe the appropriate number there should be. Come sentencing we will be basing our number off of what the store reported or, if we have it by then, what insurance actually paid the store. If they then disagree with that number without providing any significant evidence to their point, we would then likely oppose acceptance of responsibility. . . .

COURT: Okay. [Defense counsel], do you understand what he just said?

COUNSEL: Yes, Your Honor.

. . .

COURT: Ms. Morejon, do you understand[?]

MOREJON: I don't know.

>(*Discussion held off the record between Mr. Trombley and the defendant*.)

COURT: Let the record reflect that the defendant and her attorney have conferred about this acceptance of responsibility[.] . . .
>
>So, Ms. Morejon, what the Government is saying, that if in their opinion you're not making a valid challenge to the amount of restitution or forfeiture . . . If you're not making a valid challenge to the amount that was involved in the robbery, that would affect the restitution and forfeiture and it could also affect the guideline calculation. If in their opinion it's not a valid challenge then they will not make a recommendation of a two level downward adjustment and would not make the motion that could give a third level.
>
>Now, even in those circumstances you, through your lawyer, can make that request for the two

> level, but you can't get the third level without the Government's motion, so that's what's on the table. Do you understand that?
>
> MOREJON: Yes, Your Honor.
>
> COURT: Do you have any question about that?
>
> MOREJON: No, Your Honor.
>
> COURT: And with that understanding, do you still wish to go forward with your plea of guilty?
>
> MOREJON: Yes, Your Honor.

Morejon confirmed that, other than the promises contained in the plea agreement, no one had promised her anything to persuade her to plead guilty. She confirmed that no one forced her or coerced her to plead guilty. At the conclusion of the hearing, the magistrate judge found that Morejon was pleading guilty freely, voluntarily, and knowingly with the advice of counsel, and Morejon never objected to this finding.

At the sentencing hearing, Morejon made no attempt to withdraw her guilty plea after the presentence report recommended a minimum mandatory sentence of 84 months and the United States did not recommend a downward adjustment for acceptance of responsibility. And, Morejon neglected to inform the district court during allocution of her belief that the United States breached its promise to her.

"A guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void. A conviction based upon such a plea is open to collateral attack." *Machibroda v. United States*, 368 U.S. 487, 493 (1962). However, a defendant's statements at the plea hearing "constitute a formidable barrier in any

subsequent collateral proceedings" because "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *see also United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994) ("There is a strong presumption that the statements under oath a plea colloquy are true."). "[W]hen a defendant makes statements under oath a plea colloquy, he bears a heavy burden to show his statements were false." *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988).

Morejon offers no evidence to disavow her affirmations under oath that she understood she faced a minimum mandatory sentence of 84 months and that no one promised her anything to induce her to plead guilty. She confirmed in both the plea agreement and at the plea hearing her understanding that the United States' promise to recommend a downward adjustment for acceptance of responsibility was not guaranteed, but rather, conditional. At the plea hearing Morejon explicitly confirmed that she understood that if she advanced a challenge to the amount of restitution or forfeiture that the United States viewed as invalid, such challenge would suggest the downward adjustment was unwarranted. She is entitled to no relief on Ground One because she made specific assurances during the plea hearing that refute her current claim. *See Winthrop-Redin v. United States*, 767 F.3d 1210, 1217 (11th Cir. 2014) ("The district court is entitled to discredit a defendant's newly-minted story about being [misled] when that story is supported only by the defendant's conclusory statements" and is contradicted by the record of the change-of-plea colloquy.).

Morejon advances a related claim in Ground Three in which she argues that the United States breached the plea agreement at sentencing by not recommending a two-level downward adjustment for acceptance of responsibility. This claim lacks merit because under the express terms of the plea agreement the United States was not required to recommend a downward adjustment for acceptance of responsibility. Rather, the United States would do so "in the event that no adverse information is received suggesting such a recommendation to be unwarranted." (Crim. Doc. 59 at 4); *see United States v. Nance*, 426 F. App'x 801, 802 (11th Cir. 2011) (holding that the United States' refusal to file a Rule 35 motion did not breach "the express terms of the plea agreement").

Finally, in Ground Two, Morejon advances a bare claim that counsel was ineffective for allowing her to be induced to plead guilty by the United States' false promise and for promising her that she would, in fact, receive a downward adjustment for acceptance of responsibility. (Civ. Doc. 10 at 5) Again, this claim is refuted by Morejon's statements under oath at the plea hearing. When asked whether "anyone promised [her] anything in order to get [her] to plead guilty?," Morejon responded, "No, Your Honor." (Crim. Doc. 132 at 24–25) She is entitled to no relief, because other than her unsubstantiated claim that counsel promised her a downward adjustment for acceptance of responsibility, she offers no evidence to disavow her statements under oath that she was not induced to plead guilty.

Additionally, Morejon cannot show she was prejudiced by counsel's performance because she was sentenced below the statutory maximum. "When a

federal prisoner, sentenced below the statutory maximum, complains of a sentencing error and does not prove either actual innocence of [her] crime or the vacatur of a prior conviction, the prisoner cannot satisfy the demanding standard that a sentencing error resulted in a complete miscarriage of justice." *Spencer v. United States*, 773 F.3d 1132, 1138 (11th Cir. 2014). Morejon's 60-month sentence is below both the statutory maximum term of life imprisonment and the presentence report's recommended sentence of 84 months.

Morejon's amended motion under 28 U.S.C. § 2255 (Civ. Doc. 10) is **DENIED**. The clerk is directed to enter a judgment against Morejon, close this case, terminate any pending motions, and enter a copy of this order in the criminal case.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS

Morejon is not entitled to a certificate of appealability ("COA"). A prisoner moving under Section 2255 has no absolute entitlement to appeal a district court's denial of his motion to vacate. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a certificate of appealability, Morejon must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues she seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because she fails to show that reasonable jurists would debate either the merits of the claims or the

procedural issues, Morejon is entitled to neither a certificate of appealability nor an appeal *in forma pauperis*.

A certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Morejon must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on May 20th, 2024.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE